IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAYF NUTTER,

    Plaintiff,

v.                                        Civil Action No. 5:05CV65
                                                            (STAMP)
CLEAR CHANNEL COMMUNICATIONS, INC. and
OSBORN ENTERTAINMENT ENTERPRISES CORPORATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' COMBINED MOTION TO DISMISS**

I.  Background

This civil action involves various claims for copyright infringement, unfair trade practices and breach of contract brought by the plaintiff, Mayf Nutter ("Nutter"), against the defendants, Clear Channel Communications, Inc. ("Clear Channel") and Osborn Entertainment Enterprises Corporation ("Osborn"). This is the second action the plaintiff has filed against the defendants on these same claims. The first action, filed in 2002, was dismissed by this Court on December 8, 2004 for lack of subject matter jurisdiction because the plaintiff lacked standing. Standing was absent because, as a result of his bankruptcy in 1993, Nutter no longer owned the copyrights at issue or the right to bring a cause of action for infringement of those copyrights.

In an attempt to cure this defect in jurisdiction, Nutter returned to bankruptcy court seeking to reacquire the copyrights.

The bankruptcy court authorized the bankruptcy trustee to sell the copyrights and any related causes of action to Nutter. On December 22, 2004, the bankruptcy trustee executed a bill of sale and sold the copyrights at issue to Nutter. Having again obtained the copyrights, on May 4, 2005, Nutter refiled this copyright infringement suit against the defendants.

In response to Nutter's renewed complaint on September 26, 2005, the defendants filed a combined motion to dismiss. Nutter filed a response opposing the defendants' motion and the defendants filed a reply. After considering the parties' memoranda and the applicable law, this Court finds that the defendants' combined motion to dismiss should be granted in part and denied in part.

## II. Facts

The plaintiff's complaint alleges that the defendants have, without authorization, utilized a copyrighted sound recording and musical composition owned by the plaintiff in the promotion and advertising of the country music festival "Jamboree in the Hills." The plaintiff again asserts claims of copyright infringement, unfair trade practices, and breach of contract. As relief, plaintiff seeks that the defendants be permanently enjoined from future infringement on the copyright and that they be required to pay plaintiff actual and punitive damages. Further, plaintiff requests that the defendant be required to deliver up for destruction any unauthorized reproductions of the plaintiff's sound

recordings as well as all advertising and promotional material relating thereto.

### III. Legal Standard

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to

dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

## IV. Discussion

### A. The Statute of Limitations

The first issue before this Court is what, if any, of the plaintiff's claims are barred by the applicable statute of limitations. Under the Copyright Act of 1976, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 202 (4th Cir. 1997)(quoting Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)). The right

to sue for infringements that have accrued within three years of filing is not waived simply because a party failed to bring suit on earlier, related claims.  Id.  Additionally, "a party cannot reach back, based on acts of infringement that accrued within the limitations period, and recover for claims that accrued outside the limitations period."  Id.

Only the legal or beneficial owner of an exclusive right under a copyright is entitled to bring actions for infringements of that right.  17 U.S.C. § 501(b).  The owner of a copyright is permitted to assign the copyright to another; however, "a mere assignment of a copyright does not of itself transfer to the assignee any cause of action for infringements that occurred prior to the assignment."  Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir. 1969)(citations omitted).  "Unless the assignment of copyright contains language <u>explicitly transferring</u> causes of action for prior infringements, the assignee cannot maintain a suit for infringements which happened before the effective date of the assignment."  Id. (emphasis added).

In this case, Nutter repurchased ownership of the copyright for the song "Jamboree in the Hills" from the bankruptcy trustee on December 22, 2004.  Nutter then filed the instant action on May 4, 2005.  Since less than a year passed between Nutter's purchase of the copyright and his filing of this case, Nutter is clearly not barred, by the statute of limitations or otherwise, from asserting

5

a cause of action here for any acts of infringement by the defendants that occurred between December 22, 2004 and May 4, 2005. The more difficult issue, and the one that is a subject of dispute between the parties, is what, if any, causes of action Nutter may assert against the defendants for infringing activity that occurred prior to his reacquisition of the copyright in 2004. This Court finds that the plaintiff has no such causes of action because once again he lacks standing.

Although the bankruptcy court authorized the trustee to sell Nutter "copyrights and any causes of action related to those copyrights," the bill of sale makes no mention of causes of action. Rather, the bill of sale simply lists fifteen copyrights, the last of which is "Jamboree in the Hills." The omission of the causes of action for past infringements of the copyright at issue is fatal to the plaintiff's standing in this case.[1] Despite the fact that the bankruptcy trustee had the authority to assign its causes of action to Nutter, it is well established that "if accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them." ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991). Therefore, any causes of action for acts of infringement occurring prior to December 22,

---

[1] Although the defendants did not raise this issue until their reply brief, federal courts are under an independent obligation to examine their own jurisdiction. See FW/PBS Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Moreover, plaintiff did not seek leave to file a surreply in order to address the newly raised issue.

2004 still belong to the bankruptcy trustee, and the plaintiff has no standing to assert them. Accordingly, plaintiff's asserted claims for acts of infringement occurring before December 22, 2004, are dismissed without prejudice for lack of standing.

B. <u>Judicial Estoppel</u>

The second issue raised by the parties is judicial estoppel. The defendants assert that Nutter is estopped from bringing any infringement claims against defendants because Nutter deliberately failed to disclose the existence of his copyrights to the bankruptcy court when he filed for bankruptcy in 1993. Nutter argues that the omission was inadvertent and that consequently, judicial estoppel does not apply.

This dispute is not ripe for resolution upon a motion to dismiss. The application of judicial estoppel is fact specific. In order for judicial estoppel to bar a party's claims, it must be shown that (1) the party to be estopped is adopting a position inconsistent with a stance taken in prior litigation; (2) the prior inconsistent position was accepted by the court; and (3) the party to be estopped intentionally misled the court to gain an unfair advantage. <u>1000 Friends of Maryland v. Browner</u>, 265 F.3d 216 (4th Cir. 2001). In this case, it is unclear whether in omitting the copyrights from his bankruptcy schedules Nutter engaged in an act of unintentional omission or deliberate concealment. The defendants have failed to meet their burden of proving that, on

7

this issue, plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim. Since, as stated in the above legal standard, a Rule 12(b)(6) motion is not a procedure for resolving a contest about the facts of a case, the defendants' motion to dismiss all of Nutter's claims on the basis of judicial estoppel is denied.

C. Preemption of State Law Claims

The final issue before the Court is whether Counts 2 and 3 of plaintiff's complaint are preempted by the federal Copyright Act. The defendants argue that the plaintiff's state law claims for breach of contract, unfair competition, unfair trade practices, and misappropriation each arise out of the defendants' allegedly unauthorized performance and editing of the plaintiff's song. Accordingly, the defendants assert, since plaintiff's state law claims are premised only on the defendants' alleged use of plaintiff's song, those claims are preempted by the federal Copyright Act. This Court agrees.

Section 301(a) of the Copyright Act states in relevant part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301(a) (2004). In other words, the Copyright Act preempts state law claims if (1) "the work is within the scope of

the subject matter of the copyright, as specified in 17 U.S.C. §§ 102, 103" and (2) "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225 (4th Cir. 1993).

In this case, the song at issue, "Jamboree in the Hills," is a "musical work" that clearly constitutes a copyrightable subject matter under § 102. See 17 U.S.C. § 102 (providing copyright protection for certain "works of authorship" including "musical works"). Since "Jamboree in the Hills" falls within the scope of § 102, the only issue here is whether the rights granted under the state laws that Nutter relies on in Counts 2 and 3 are equivalent to any of the exclusive rights provided to copyright owners under § 106.

Section 106 of the Copyright Act "affords a copyright owner the exclusive right to: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and with the respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." Rosciszewski, 1 F.3d at 229. "State-law claims that infringe one of the exclusive rights contained in § 106 are preempted by § 301(a) if the right defined by state law 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights.'" Id. (citing Computer Assocs. Int'l v. Altai, Inc., 982

9

F.2d 693, 716 (2d Cir. 1992). State law claims are not preempted, however, if proof of an "extra element" is required to constitute a state law violation and the addition of that element makes the state claim "qualitatively" different from a copyright infringement claim. <u>Rosciszewski</u>, 1 F.3d at 230.

In Count 2 of the plaintiff's complaint, Nutter asserts that the defendants engaged in unfair trade practices, unfair competition, and misappropriation under state law by altering and distributing "Jamboree in the Hills" without authorization. Specifically, plaintiff claims that the defendants used and altered the song without permission, denied him attribution, and made the song freely available for download on the internet. Despite the plaintiff's arguments to the contrary, none of these allegations is qualitatively different from plaintiff's copyright infringement allegations. Essentially, plaintiff claims in this count that his right to reproduce and distribute a copyrighted work has been infringed. Such rights are precisely among those that § 106 of the Copyright Act protects. 17 U.S.C. § 106 (giving copyright owners the exclusive right to, <u>inter alia</u>, "reproduce the copyrighted work" and "distribute copies of the work"). Accordingly, because the plaintiff attempts to vindicate via state law claims the same

rights that he pursues through the Copyright Act,[2] plaintiff's claims in Count 2 are preempted.

In Count 3, Nutter alleges breach of contract. On September 26, 1980, Nutter entered into a contract permitting the defendants to utilize "Jamboree in the Hills" for a video presentation. Under the contract, for the consideration of $800.00, the defendants received the right to use the song for the limited purpose of creating a video. Nutter asserts that by using the song for purposes other than creating a video, the defendants have breached this contract and are liable for that breach independent of any attendant copyright violation. Plaintiff, however, fails to allege any "extra element" that would make his breach of contract claim qualitatively different than his copyright claim. The alleged breach of promise here <u>was</u> the alleged copyright infringement, <u>i.e.</u> using the copyrighted work in an unauthorized manner. Accordingly, because the state law breach of contract claim and the copyright claim are functionally identical, the state law claim is preempted.

V. Conclusion

For the above reasons, the defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's copyright

---

[2]Further support for this Court's conclusion that the state law claims brought by the plaintiff implicate the exclusive rights under §106 of the Copyright Act can be found in the plaintiff's complaint. In both Counts 2 and 3, plaintiff realleges paragraphs 1 through 9. Those paragraphs include allegations specific to rights conferred by the federal Copyright Act.

11

infringement claims, raised in Count 1 of the complaint, are DISMISSED WITHOUT PREJUDICE for lack of standing except with regard to those remaining claims that the plaintiff may have for acts of infringement by the defendants occurring on or after December 22, 2004.  Counts 2 and 3 of the complaint are DISMISSED because they raise state law claims that are preempted by the Copyright Act of 1976.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 26, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE