IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAYF NUTTER,

    Plaintiff,

v.                                 Civil Action No. 5:05CV65
                                             (STAMP)
CLEAR CHANNEL COMMUNICATIONS, INC. and
OSBORN ENTERTAINMENT ENTERPRISES CORPORATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND**

I.   Procedural History

This Court previously granted in part and denied in part the defendants' combined motion to dismiss in the above-styled civil action. Plaintiff, Mayf Nutter ("Nutter"), now moves this Court to alter or amend a portion of the judgment granting in part the defendants' motion to dismiss. Specifically, Nutter contests this Court's finding that he lacked standing to assert a cause of action for any alleged copyright infringements occurring prior to December 22, 2004. The defendants filed a response in opposition to Nutter's motion to alter or amend, and Nutter replied. Following consideration of the parties' memoranda, this Court finds that Nutter's motion to alter or amend should be granted.

II.   Applicable Law

Nutter files his motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1)

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. See id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

Nutter argues that this Court should alter or amend its decision that he does not have standing to assert causes of action for infringement of the copyrighted song "Jamboree in the Hills" arising before December 22, 2004.[1] Nutter makes three arguments in support of his position: (1) that the defendants have no standing to object to the transfer of intellectual property from the

---

[1] This Court also granted defendants' motion to dismiss as to Nutter's state law claims, Counts II and III of the complaint. Nutter does not, however, seek to alter or amend that portion of the judgment.

2

bankruptcy trustee to Nutter; (2) that the assignment of the copyright from the bankruptcy trustee to Nutter, as approved by the bankruptcy court, expressly included any causes of action for infringement; and (3) that a subsequent writing expressing the bankruptcy trustee's and Nutter's intent cured any defects in the original assignment.

This Court need not dwell long on the first and second arguments because it finds the third argument to be persuasive. Nutter's contention that the defendants did not have "standing" to contest the validity of the assignment is misplaced. Standing is a jurisdictional doctrine arising from the constitutional dictate that courts may only adjudicate "cases and controversies." See U.S. Const. art. III, § 2. Nutter's argument does not implicate jurisdictional concerns. Rather, that argument goes to the equity of allowing an alleged copyright infringer to use the validity of the assignment as a defense where no controversy exists between the assignor and the assignee. As a matter of public policy, the argument is probably persuasive, but this Court does not believe that it is dispositive here. Nutter's second contention, that the assignment of the copyrights from the bankruptcy trustee expressly included any causes of action for infringement of those copyrights that may have occurred pre-assignment, is untenable. Indeed, the basis for this Court's previous ruling was that the bill of sale makes no mention of the causes of action.

Nonetheless, Nutter's third argument, that a later-filed affidavit from the bankruptcy trustee cures any technical defects in the bill of sale, merits an amendment of this Court's earlier judgment. Subsequent to this Court's ruling on the motion to dismiss, Nutter filed an affidavit of Patrick Kavanagh, the bankruptcy trustee who executed the bill of sale at issue, in which Mr. Kavanagh avers that:

> In executing the Bill of Sale it was my intention to convey not only the copyrights, but also the causes of action related to those copyrights because they were part of the consideration for the $25,000.00 and in order to carry out the intent of the [bankruptcy] court.

(Kavanagh Aff. 3.) The defendants contend that the parol evidence rule precludes consideration of Mr. Kavanagh's statement that the parties intended to transfer the causes of action. This Court disagrees. Parol evidence is "freely admissible to establish allegations of fraud, mistake, or other equitable grounds for relief." Yarn Indus., Inc. v. Krupp Int'l, Inc., 736 F.2d 125, 129 (4th Cir. 1984)(citing McLeod v. Sandy Island Corp., 216 S.E.2d 746 (S.C. 1975)). "When the parties to an agreement are mutually mistaken as to the meaning of the terms of that agreement, a court may reform the contract to reflect the true intent of the parties." Id. (citing Shaw v. Aetna Cas. & Sur. Ins. Co., 262 S.E.2d 903 (S.C. 1980)). Consequently, the parol evidence rule permits consideration of extrinsic evidence in this case to show mutual mistake.

The affidavit of Mr. Kavanagh is strong evidence that the parties were mutually mistaken that the bill of sale transferred both the copyrights and any attendant causes of action to Nutter. Additionally, the December 10, 2004 order of the bankruptcy court authorizing the trustee to sell "copyrights and any causes of action related to those copyrights" to Nutter supports a finding of mutual mistake. Because extrinsic evidence reveals that the parties to the bill of sale clearly intended to effectuate a transfer of both the copyrights and any related causes of action to Nutter, this Court's earlier judgment must be amended to "prevent manifest injustice." Accordingly, this Court finds that Nutter does have standing to assert claims for alleged infringements of his copyright interest in "Jamboree in the Hills" that occurred prior to his reacquisition of the copyright on December 22, 2004.

However, although Nutter has standing to assert claims for prior infringements, the applicable statute of limitations has run on any causes of action accruing before May 4, 2002.[2] Under the Copyright Act of 1976, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A claim for copyright infringement accrues when "one has knowledge of a violation or is chargeable with such knowledge." <u>Hotaling v. Church of Jesus Christ of Latter-Day Saints</u>, 118 F.3d 199, 202 (4th

---

[2]Nutter commenced this civil action on May 4, 2005.

5

Cir. 1997). In this case, Nutter has admitted having knowledge of the defendants' alleged infringements as early as 2000. Because "[a] party does not waive the right to sue for infringements that accrue within three years of filing by not asserting related claims that accrued beyond three years," id., the plaintiff is entitled to pursue any alleged infringements that occurred from May 4, 2002. The statute of limitations, however, precludes Nutter from recovering for any copyright infringements that occurred prior to May 4, 2002.

V. Conclusion

For the reasons stated above, the plaintiff's motion to alter or amend is GRANTED. The prior judgment of this Court is amended to prevent manifest injustice.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 21, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE